**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ENRIQUE PEDRAZA,

Defendant-Appellant.

No. 08-2062

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. 1:90-CR-00285-MV)**

Stephen P. McCue, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

Terri J. Abernathy, Assistant United States Attorney, (Gregory J. Fouratt, United States Attorney, with her on the brief), Las Cruces, New Mexico, for Plaintiff-Appellee.

Before **HENRY**, **McKAY** and **McCONNELL**, Circuit Judges.

**McCONNELL**, Circuit Judge.

Enrique Pedraza is serving a sentence for conspiracy to possess with the

intent to distribute more than five kilograms of cocaine and for possession with

intent to distribute more than five kilograms of cocaine. In 2006, Mr. Pedraza

filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the

ground that the Sentencing Commission had made retroactive an amendment that

reduced the sentence for his offense. He requested, however, that the court not

only substitute the amended guideline range for the previous guideline range, but

also that it reduce his sentence even further on the basis of the 18 U.S.C. §

3553(a) factors. The district court reduced Mr. Pedraza's sentence to the bottom

of the amended guidelines range but declined his request for a further reduction,

believing that it lacked the discretion to do so. Mr. Pedraza now appeals the

resentencing on the grounds that *United States v. Booker*'s mandate that courts

treat the sentencing guidelines as advisory applies to resentencing under §

3582(c)(2) just as it applies to original sentencing.[1] We disagree and affirm the

order of the district court.

---

[1]Unrelated to his challenge regarding judicial discretion in a § 3582(c)(2) proceeding, Mr. Pedraza also appealed special penalty assessments of $100 for each of his two counts, imposed pursuant to 18 U.S.C. § 3013(a)(2)(A). At the time of Mr. Pedraza's offense, that statute provided for only a $50 assessment for each count, and Mr. Pedraza therefore contends that the judge's assessment violated the Ex Post Facto Clause of the Constitution. During the pendency of this appeal, however, the district court granted the government's motion to remit the entire fee. The district court had jurisdiction to take such a step, *United States v. Aguayo-Gonzalez*, 472 F.3d 809, 811 n.2 (10th Cir. 2007), and in doing so rendered the issue moot on appeal.

## I. Background

Mr. Pedraza's current incarceration resulted from his involvement in an elaborate scheme to smuggle over 700 kilograms of cocaine from Columbia to the United States, as we previously detailed in *United States v. Pedraza*, 27 F.3d 1515, 1517–20 (10th Cir. 1994). On November 15, 1991, a jury convicted Mr. Pedraza of one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine and one count of possession with intent to distribute more than five kilograms of cocaine. On April 23, 1992, the district court calculated Mr. Pedraza's sentence. Under then-current sentencing guidelines, the large quantity of drugs triggered a base offense level of 40, which was increased by two on account of Mr. Pedraza's leadership role in the conspiracy. When combined with his criminal history category of I, the guidelines prescribed a sentencing range of 360 months to life. The court sentenced Mr. Pedraza to 384 months' imprisonment followed by five years' supervised release. On appeal, we affirmed the conviction but remanded for resentencing due to the district court's failure to comply with Fed. R. Crim. P. 32(c)(3)(D)'s requirement to make written findings. *Pedraza*, 27 F.3d at 1530–31. On remand, the district court again sentenced Mr. Pedraza to 384 months' imprisonment followed by five years' supervised release.

On November 1, 1994, the Sentencing Commission adopted Amendment 505, which reduced the upper level for all drug sentences to 38. U.S.S.G. App. C,

Amendment 505. A year later the Commission made the new limit retroactive by enacting Amendment 536. U.S.S.G. App. C, Amendment 536. Under the amended guidelines, Mr. Pedraza's offense level would have been 38 rather than 40. Combined with the two-level increase and criminal history category of I, this would have resulted in a reduced guideline range of 292 to 365 months.

All of this occurred before *United States v. Booker* had transformed the guidelines from a mandatory regime to an advisory one. 543 U.S. 220 (2005). When Mr. Pedraza filed a motion for resentencing under § 3582(c)(2) on September 29, 2006, however, the courts were operating in a post-*Booker* world. That change prompted Mr. Pedraza to request not only a reduction in sentence to the revised guideline range of 292 to 365 months, but also a further reduction to time served. That further reduction would amount to a downward variance of two offense levels. At the resentencing hearing, the judge reduced Mr. Pedraza's sentence to 292 months, the bottom of the amended guideline range. The judge did not, however, grant the additional variance. She noted that although *Booker* would give the court discretion to grant that variance in an initial sentencing, *Booker* did not extend to a § 3582(c)(2) resentencing. The judge urged Mr. Pedraza to appeal, however, telling him "I would love to be wrong about this." Tr. Mot. to Reduce Sent. 41.

## II. Discussion

**A.** ***Booker*'s Applicability to Resentencing Proceedings**

The outcome of Mr. Pedraza's appeal was considerably less certain at the time the parties submitted briefs and held oral arguments. Since that time, however, we have decided *United States v. Rhodes*, 2008 WL 5102247 (10th Cir. Dec. 5, 2008). Like Mr. Pedraza, Mr. Rhodes disputed the extent of the resentencing judge's authority to reduce his sentence. He argued that after *Booker*, the sentencing judge had the authority not only to reduce his sentence to the amended guidelines range but to reduce it even further if the § 3553(a) factors so warranted a variance. We rejected this position. Although *Booker* excised from the statute § 3553(b)(1), which had mandated that judges impose within-guidelines sentences in original sentencings, we noted that *Booker* had not touched § 3582(c)(2), which covers sentence modification proceedings. *Id.* at *6. A resentencing proceeding is an entirely different animal that does not implicate the Sixth Amendment concerns that drove the *Booker* remedy. After our holding in *Rhodes*, therefore, Mr. Pedraza's argument that *Booker* and the Sixth Amendment mandate discretion to impose a below-guidelines sentence at resentencing has been settled: they do not.

**B.** **Statutory Grant of Resentencing Discretion**

*Booker*'s inapplicability does not end matters. A judge's resentencing authority is a creation of statute, and the fact that the Sixth Amendment does not

mandate discretion to impose below-guidelines sentences during resentencing does not preclude a statute from doing so.  The statute in question is § 3582(c)(2), which affords a narrow exception to the usual rule of finality of judgments:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The statute, in turn, vests authority in the Sentencing Commission to define the extent to which a judge may reduce a sentence in a § 3582(c)(2) resentencing.  *See United States v. Torres*, 99 F.3d 360, 363 (10th Cir. 1996) (citing *United States v. Mueller*, 27 F.3d 494, 496 (10th Cir. 1994) (eligibility for reduction under § 3582(c)(2) is "inexorably tied" to Sentencing Commission policy statements)).  We must therefore turn to the Commission's policy statements to determine the scope of the statutory grant of resentencing authority.  Those policy statements are found in U.S.S.G. § 1B1.10.

The district court is required to apply the guideline provisions in effect at the time of sentencing, *United States v. Cruz-Alcala*, 338 F.3d 1194, 1201 (10th Cir. 2003), and herein lies the difference between this case and *Rhodes*.  While Mr. Pedraza's resentencing hearing took place on September 4, 2007, Mr. Rhodes' resentencing took place on April 29, 2008.  In the interim, the

-6-

Commission revised § 1B1.10. The new guideline explicitly denies authority to grant a downward variance, stating that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A). Thus, under the current guidelines, "the Sentencing Commission has clearly indicated that a sentencing court shall not, in modifying a previously imposed sentence on the basis of an amended guideline, impose a sentence below the amended guideline range." *Rhodes* at \*7. The version of the guideline that was in place in 2006, however, is less clear, and we must determine whether that version granted a resentencing judge greater discretion than the version at issue in *Rhodes.*

The 2006 version of § 1B1.10 said the following:

In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), *the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced*, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10(b) (2006) (emphasis added). The only action the guideline authorizes is a substitution of the former guideline range with the amended guideline range; it says nothing about a full-blown resentencing. The

Commission's commentary provided further instruction. Application Note 2, for instance, said that when determining the amended guideline range, "the court shall substitute *only* the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. *All other guideline application decisions remain unaffected.*" U.S.S.G. § 1B1.10, cmt.2 (emphasis added). Application Note 3's instructions went even further, stating that the amended guideline range "limit[s] the extent to which an eligible defendant's sentence may be reduced under 18 U.S.C. § 3582(c)(2)." *Id.* at cmt.3. The guideline provision and the applicable commentary strongly suggest that the resentencing judge's discretion extends to substituting the new guideline range for the old guideline range but goes no further.

We are aware that the Ninth Circuit interpreted the guideline otherwise in *United States v. Hicks*, 472 F.3d 1167, 1172–73 (9th Cir. 2007). The *Hicks* Court believed that the policy statement could be read consistently with broad discretion in resentencing. It noted that U.S.S.G. § 1B1.10(b) states that the court "*should consider* the term of imprisonment that it would have imposed," and "not that it may *only* impose that sentence." *Id.* at 1172. Such an interpretation ignores § 3582(c)(2)'s default presumption that judgments are final; any departure from that default must be specifically authorized by the Sentencing Commission. We do not believe that the Commission would have so

casually authorized such a sweeping departure from the presumption of finality of judgments. This is especially so when the policy statement is read alongside the application notes, which strongly suggest that the resentencing judge's discretion is limited.

Our interpretation is further bolstered by our prior refusal to interpret § 1B1.10 as affording a judge the discretion to apply the safety-valve provision of § 3553(f). In *United States v. Torres*, we said that the "contention that a § 3582(c)(2) motion requires resentencing under all then-current sentencing guidelines would negate the limit on retroactivity provided by § 1B1.10." 99 F.3d 360, 363 (10th Cir. 1996). Other courts have refused to interpret § 1B1.10 as authorizing a downward departure at resentencing if the original sentence did not include one. *See United States v. Hasan*, 245 F.3d 682, 686 (8th Cir. 2001) ("The only time a district court is authorized by § 1B1.10 to depart downward from the amended sentencing range at a § 3582(c) resentencing is when a downward departure previously had been granted at the original sentencing."). We believe that the prior version of § 1B1.10 must be read to limit a resentencing judge's authority to grant variances, just as it limits his authority to apply the safety-valve and to grant a downward departure.

### III. Conclusion

Because *Booker* does not mandate judicial discretion to authorize a variance at a § 3582(c)(2) resentencing, and because the 2006 version of §

1B1.10 does not statutorily grant such authority, the district court was correct that it lacked the power to reduce Mr. Pedraza's sentence below the amended guideline range. The sentence of the district court is therefore AFFIRMED.

08-2062, *United States v. Pedraza*

**McKAY**, dissenting.

I regret that I cannot altogether agree with the majority's views in this case. While I disagree with *United States v. Rhodes*, No. 08-2111, for creating a circuit split by rejecting *United States v. Hicks*, 472 F.3d 1167, 1172-73 (9th Cir. 2007), for now, to the extent that *Rhodes* applies to this case, we are bound by it. However, as the majority concedes, this "does not end matters." (Majority Op. at 5.) This defendant was resentenced under a prior version of the Sentencing Guidelines. The court in *Rhodes* relied in part on the amendment to U.S.S.G. § 1B1.10(b)(2), which added a statement that a district court shall not reduce a defendant's term of imprisonment below the amended guideline range unless the defendant received a below-guidelines sentence at the original sentencing proceeding. When this defendant was resentenced, however, neither the statute nor the applicable guideline spoke directly to the issue of the trial court's discretion to vary below the amended guidelines range. Given this silence, and in light of the fact that our learned colleagues on the Ninth Circuit read the statutory scheme to allow the exercise of such discretion, it cannot be argued that the statute and implementing guidelines applicable at the time this defendant was sentenced *unambiguously* barred the district court from varying below the guidelines in the resentencing proceeding. I would thus apply the rule of lenity to this statutory scheme. *See United States v. Mojica*, 214 F.3d 1169, 1174 (10th Cir. 2000). That is particularly true in light of the intervening change, which I

would infer was meant to modify and not just recharacterize the scheme as it applied when this defendant was resentenced.

My view is reinforced by what has happened since *United States v. Booker*, 543 U.S. 220 (2005). The appellate courts have increasingly been mandated to rely on trial court discretion in sentencing unless clearly prohibited. In that spirit, and applying the rule of lenity to cases arising before the amendment to the guidelines, I would remand and hold that at resentencing the trial court has the discretion to vary downward to the sentence it would have given if it did not feel constrained to treat the bottom of the amended guidelines range as a mandatory floor.