**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTONIO LARON COLLINS,

Defendant-Appellant.

No. 08-7080
(D.C. No.6:06-CR-00030-JHP-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Following his convictions for possession of five grams or more of cocaine

base in violation of 21 U.S.C. § 844(a) and possession of marijuana in violation

of the same, Antonio Laron Collins was sentenced to an overall term of 135

months' imprisonment. That sentence was the low end of the advisory United

States Sentencing Guidelines ("Guidelines") range. See U.S.S.G. §§ 2D2.1(b)(1),

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

2D1.1(a)(3) & (c)(5) (2005).[1]  Invoking 18 U.S.C. § 3582(c)(2), he subsequently sought a reduction in his sentence pursuant to Amendment 706 to the Guidelines, which lowered the offense level applicable to most crack cocaine offenders.  See U.S.S.G. App. C, Amend. 706 (2007).  The district court granted Collins a reduction of two offense levels and imposed a modified sentence of 110 months' imprisonment—the bottom end of the amended Guidelines range.[2]  However, the district court denied Collins' motion for a downward variance from that amended range.

Collins now appeals the district court's decision, arguing that it committed procedural error by inadequately explaining its decision to deny the request for a downward variance.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we summarily affirm.  Because a district court lacks authority to impose a sentence below the amended Guidelines range when modifying a sentence pursuant to 18 U.S.C. § 3582(c)(2), United States v. Pedraza, 550 F.3d 1218, 1221-22 (10th Cir. 2008), the district court could not have erred by

---

[1] The presentence report calculated an offense level of 30 which, when combined with a criminal history category of IV, resulted in a Guidelines range of 135-168 months' imprisonment. U.S.S.G. Ch. 5, Pt. A (Sentencing Table) (2005).

[2] Combining the amended offense level of 28 with a criminal history category of IV resulted in a Guidelines range of 110-137 months' imprisonment. U.S.S.G. Ch. 5, Pt. A (Sentencing Table) (2005).

inadequately explaining a decision to deny a motion that it had no power to grant.

**AFFIRMED.**

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge