FILED
United States Court of Appeals
Tenth Circuit

March 31, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

NATHAN DICKEY,

      Defendant-Appellant.

No. 08-2239
(D.Ct. No. 2:02-CR-02076-LH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BARRETT, ANDERSON**, and **BRORBY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Nathan Dickey, a federal inmate, appeals the district court's

denial of his request for a variance sought in conjunction with his motion under

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

18 U.S.C. § 3582(c)(2) to modify his sentence based on the sentencing factors in 18 U.S.C. § 3553(a). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Procedural Background

In 2003, Mr. Dickey pled guilty to various offenses, including three counts of possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C). In preparing the presentence report, the probation officer applied the 2002 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") and determined Mr. Dickey's possession with intent to distribute 49.7 grams of crack cocaine warranted a base offense level of 30. The probation officer then enhanced his base offense level two levels for his managerial and leadership roles in those offenses and also reduced his base offense level three levels for acceptance of responsibility, for a total offense level of 29. Mr. Dickey's total offense level of 29, combined with his criminal history category of IV, resulted in a Guidelines range of 121 to 151 months imprisonment. The district court sentenced Mr. Dickey at the low end of the Guidelines range to 121 months on all counts, to run concurrently, which he did not appeal.

On February 25, 2008, Mr. Dickey filed the instant motion to modify his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to U.S.S.G.

§ 2D1.1(c) which modified the Drug Quantity Table downward two levels for crack cocaine and became effective November 1, 2007, and retroactive as of March 3, 2008.[1] In his motion, Mr. Dickey also argued for a downward variance based on the sentencing factors in 18 U.S.C. § 3553(a), asking for a reduced sentence of sixty months imprisonment and asserting the Supreme Court's decisions in *Kimbrough v. United States*, ___ U.S. ___, 128 S. Ct. 558 (2007), and *United States v. Booker*, 543 U.S. 220 (2005), supported such a reduction.

On September 23, 2008, after appointing counsel to represent Mr. Dickey and receiving responsive briefing from the government, the district court issued an order determining Mr. Dickey's total offense level should be retroactively reduced from 29 to 27, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, which, together with his criminal history category of IV, resulted in an amended Guidelines range of 100 to 125 months imprisonment. *See* U.S.S.G. § 2D1.1(c)(6) (Drug Quantity Tbl. for 49.7 grams) (2007); U.S.S.G. Pt. 5 (Sent'g Tbl.) (2007). It then imposed a sentence at the low end of the amended Guidelines range of 100 months imprisonment. In imposing the amended sentence, the district court stated it had reviewed the record in the matter, the government's response to the motion, and the applicable law and found a sentence

---

[1] *See* U.S.S.G. Supp. to App'x C, Amend. 706 (Reason for Amend.); U.S.S.G. § 1B1.10(a) and (c); Amends. 712 and 713 (Mar. 3, 2008 Supp.).

of 100 months was appropriate. It did not otherwise address that portion of Mr. Dickey's § 3582 motion requesting a downward variance based on the § 3553(a) sentencing factors, which we construe as a denial of his request for such a variance.

II. Discussion

Mr. Dickey now appeals the district court's failure to grant that portion of his § 3582 motion requesting a downward variance under 18 U.S.C. § 3553(a). In so doing, he claims "the district court erred in reducing Mr. Dickey's sentence pursuant to 18 U.S.C. § 3582(c)(2), by treating the amended guidelines sentencing range as mandatory, contrary to *United States v. Booker,*" without taking into consideration the sentencing factors in § 3553(a). In support, he asserts that when the district court granted his § 3582(a) motion he was placed in the same position as if his sentence had been vacated following an appeal or the district court had granted a § 2255 motion, so that his original sentence was vacated and a new one should have been imposed applying the § 3553(a) factors. While Mr. Dickey acknowledges we rejected the same argument in *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008), *petition for cert. filed* (Jan. 21, 2009) (No. 08-8318), he advises he brings this appeal in order to preserve his right to contest any adverse holding on the argument presented. He also argues that the United States Sentencing Commission's recent 2008 revision to U.S.S.G. § 1B1.10(b) violates

-4-

*Booker* by effectively rendering the crack guidelines mandatory.

As Mr. Dickey acknowledges, his appeal must fail pursuant to our prior precedent. In *Rhodes*, we explained *Booker* made the Guidelines advisory so district courts, when conducting original sentencing proceedings, are no longer bound by the sentencing ranges prescribed in the Guidelines. 549 F.3d at 839. However, in considering whether the holding in *Booker* applied to a resentencing, like here, we held § 3582(c)(2) does not permit resentencing based on 18 U.S.C. § 3553 factors and objectives, but is much more limited, authorizing "a district court to 'reduce the term of imprisonment' only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* at 840 (quoting 18 U.S.C. § 3582(c)(2)). Similarly, in *United States v. Sharkey*, this court rejected the same argument Mr. Dickey presented to the district court that § 3582(c)(2) authorizes a sentence reduction based on the 18 U.S.C. § 3553(a) factors and the Supreme Court's decision in *Kimbrough. See* 543 F.3d 1236, 1239 (10th Cir. 2008). Even before *Rhodes* and *Sharkey*, this court held § 3582(c)(2) motions may not be employed to present *Booker*-type claims, as "§ 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the [sentencing] range." *United States v. Price*, 438 F.3d 1005, 1007 & n.2 (10th Cir. 2006).

Not only does *Booker* not authorize a variance during a § 3582(c)(2) resentencing, but the United States Sentencing Commission has revised U.S.S.G. § 1B1.10 so it expressly denies a district court's authority to grant a downward variance, stating "'the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.'" *United States v. Pedraza*, 550 F.3d 1218, 1220-22 (10th Cir. 2008) (quoting U.S.S.G. § 1B1.10(b)(2)(A) (2008), effective March 3, 2008). Arguably, because Mr. Dickey was resentenced in September 2008, the revised guideline, effective March 3, 2008, applies to him. However, even if it does not, we have held that the prior version of § 1B1.10 also restricted a resentencing judge's authority to grant variances under § 3582(c). *Id.* at 1221-22 (relying on U.S.S.G. § 1B1.10(b) & cmt. nn.2 & 3 (2006)). Thus, under either version of that guideline, it is clear the district court could consider only whether Mr. Dickey was entitled to a two-level offense reduction under Amendment 706 and not the merits of whether any other reduction of his sentence was warranted under the § 3553(a) sentencing factors.

III.  Conclusion

For these reasons, we **AFFIRM** the district court's order denying that portion of Mr. Dickey's motion filed pursuant to 18 U.S.C. § 3582(c)(2) for a downward variance under 18 U.S.C. § 3553(a).


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge