FILED
United States Court of Appeals
Tenth Circuit

**May 14, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 08-3285 |
| v. | (D. Kansas) |
| SAMMY NICHOLS, | (D.C. No. 2:03-CR-20149-KHV-1) |
| Defendant-Appellant. | |

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **HOLLOWAY** and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sammy Nichols challenges the district court's order denying his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Because Mr. Nichols's advisory guideline range would not change with the retroactive application of the Amendment 706, exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

In November 2004, Mr. Nichols pleaded guilty to an offense involving cocaine base. The sentencing court found Mr. Nichols responsible for 22.7 kilograms of cocaine base and 129.7 kilograms of powder cocaine. The court adopted the presentence report's recommendations that calculated his base offense level to be 38 which was the base offense level for cocaine base quantities of 1.5 kilograms or more under U.S.S.G. § 2D1.1(c)(1) (2004). The court sentenced him to 360 months in September 2005, which it later reduced to 324 months in May 2008.

Mr. Nichols filed a motion in the district court to modify his sentence pursuant to the retroactive application of Amendment 706 of the Guidelines.[1] Reviewing the motion, the district court determined that Mr. Nichols's base offense level remained at 38, which was the base offense level for cocaine base

---

[1] Amendment 706 to U.S.S.G. § 2D 1.1(c), which modified the Drug Quantity Table downward two levels for crack cocaine, became effective November 1, 2007 and retroactive as of March 3, 2008. *See* U.S.S.G. Supp. to App'x C, Amend. 706 (Reason for Amend.); U.S.S.G. § 1B1.10(a) and (c); Amends. 712 and 713 (Mar. 3, 2008 Supp.).

quantities of 4.5 kilograms or more under U.S.S.G. § 2D1.1(c)(1) (2008). The district court thus denied the motion.

Before this court, Mr. Nichols appeals the district court's refusal to also consider his motion through the lens of 18 U.S.C. § 3553(a). He argues that the United States Sentencing Commission's recent 2008 revision to U.S.S.G. § 1B1.10(b)[2] violates *United States v. Booker*, 543 U.S. 220 (2005), by effectively rendering the crack guidelines mandatory. He maintains that the district court remained at liberty to reduce his sentence under § 3553(a)'s sentencing factors. To constrain the district court otherwise, he argues, would be contrary to *Booker*, 543 U.S. at 245-46.

We review de novo the district court's scope of authority in a resentencing proceeding under 18 U.S.C. § 3582(c)(2) as well as its interpretation of a statute or the Guidelines. *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008), *cert. denied*, ___S. Ct.___, 2009, WL 178619 (April 27, 2009); *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). We review the district court's

---

[2] U.S.S.G. § 1B1.10(a)(1), as amended effective May 1, 2008 provides:

In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

decision to deny a reduction in sentence under § 3582(c)(2) for an abuse of discretion. *Sharkey*, 543 F.3d at 1238. "When 'a motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *Id.* (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)).

In *Rhodes*, we explained that *Booker* made the Guidelines advisory so district courts, when conducting original sentencing proceedings, are no longer bound by the sentencing ranges prescribed in the Guidelines. 549 F.3d at 839. However, in considering whether the holding in *Booker* applied to a resentencing, like Mr. Nichols's, we held § 3582(c)(2) does not permit a full resentencing based only on 18 U.S.C. § 3553 factors and objectives. *Id.* at 840. Section 3582(c) is much more limited, authorizing "a district court to 'reduce the term of imprisonment' only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Even before *Rhodes*, we held "that *Booker* does not provide a basis for a sentence reduction under § 3582(c)" as "§ 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the [sentencing] range." *United States v. Price*, 438 F.3d 1005, 1007 & n. 2 (10th Cir. 2006).

Not only does *Booker* not authorize a variance during a § 3582(c)(2) resentencing, but the United States Sentencing Commission has revised U.S.S.G.

§ 1B1.10 so it expressly denies a district court's authority to grant a downward variance, stating "'the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.'" *United States v. Pedraza*, 550 F.3d 1218, 1221 (10th Cir. 2008) (quoting U.S.S.G. § 1B1.10(b)(2)(A) (2008)).  Arguably, because the district court resentenced Mr. Nichols in July 2008, this revised guideline, effective March 3, 2008, applies to him.  However, even if it does not, we have held that the prior version of § 1B1.10 also restricted a resentencing judge's authority to grant variances under § 3582(c).  *Id.* at 1221-22 (relying on U.S.S.G. § 1B1.10(b) & cmt. nn. 2-3 (2006)).  Thus, under either version of that guideline, it is clear the district court could consider only whether Mr. Nichols was entitled to a reduction under Amendment 706 and not whether any other reduction of his sentence was warranted under the § 3553(a) sentencing factors.  It thus appears that Mr. Nichols, having noted the circuit split we recognized in *Rhodes*, 549 F.3d at 837, is preserving a foreclosed issue for possible en banc review or appeal to the United States Supreme Court.[3]

---

[3]  Before us, Mr. Nichols raises, for the first time, the related argument that our treatment of § 1B1.10(a)(2)'s limitation of the district court's authority violates the non-delegation doctrine.  Reviewing for plain error, we note that we have rejected the identical argument and that there is no error here.  *See United States v. Dryden*, ___ F.3d ___, 2009 WL 1153690, at *3 (10th Cir. Apr. 30,

(continued...)

The crux of Mr. Nichols's arguments have been reviewed and rejected by another panel of this court. We AFFIRM the district court's order denying Mr. Nichols's motion filed pursuant to 18 U.S.C. § 3582(c)(2) for a downward variance under 18 U.S.C. § 3553(a).

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[3](...continued)
2009) ("Because the language of USSG § 1B 1.10(a)(2) challenged by Mr. Dryden as resulting from an unconstitutional delegation of Congressional authority is merely a paraphrase of Congress's own language, his delegation argument fails.").