FILED
United States Court of Appeals
Tenth Circuit

May 18, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ANTONIO J. ARMSTRONG,

      Defendant - Appellant.

No. 08-5164
(D.C. No. 04-CR-00202-HE-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.[**]

Defendant-Appellant Antonio Armstrong appeals the district court's order granting in part Mr. Armstrong's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c). Counsel has filed an Anders brief indicating no meritorious issues for appeal. See Anders v. California, 386 U.S. 738 (1967). The certificate of service indicates that Mr. Armstrong was served by mail with a copy of the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Anders brief, Anders Br. at 10, and on January 7, 2009, we sent a letter to Mr. Armstrong pursuant to local rule indicating that he could respond, see 10th Cir. R. 46.4(B)(2). He has yet to file a response. For the reasons set forth below, we dismiss the appeal and grant counsel's motion to withdraw.

On April 28, 2005, a jury found Mr. Armstrong guilty of being a felon in possession of a firearm (count 1) and possession of five or more grams of cocaine base with intent to distribute (count 2). I R. Doc. 63 at 1. Mr. Armstrong was sentenced to 120 months' imprisonment on the first count and 150 months' imprisonment on the second count, to run concurrently, followed by eight years' supervised release.[1] I R. Doc. 63 at 2-3. On August 26, 2005, Mr. Armstrong appealed, I R. Doc. 64, and on June 30, 2006, we affirmed. United States v. Armstrong, 183 F. App'x 711 (10th Cir. 2006).

On August 31, 2007, Mr. Armstrong, appearing pro se, filed a motion pursuant to 28 U.S.C. § 2255. I R. Doc. 80. Additionally, on March 24, 2008, Mr. Armstrong filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). I R. Doc. 83. Subsequently, the district court appointed counsel for Mr. Armstrong with respect to the motion for sentence reduction. I R. Doc. 87 at 1-2. On October 9, 2008, the district court addressed both the § 2255

---

[1] With a total offense level of 28 and a criminal history category of V, the PSR identified a sentencing range of 130 to 162 months' imprisonment. II R. Doc. at 15 (PSR). The statutory minimum for both the first and second counts was ten years. Id.

and § 3582 motions in a single order, dismissing the § 2255 claims, but granting in part Mr. Armstrong's motion for a reduced sentence. I R. Doc. 97. Regarding § 3582(c)(2), the district court reduced Mr. Armstrong's sentence related to count 2 (the drug count) to 137 months, the top of the amended (reduced) guideline range, but left his sentence regarding count 1 (the gun count) unchanged. I R. Doc. 97 at 17.[2] The district court declined to consider other arguments for a variance based on recent amendments pertaining to the computation of criminal history or a variance below the amended guideline range based upon United States v. Booker, 543 U.S. 220 (2005). I R. Doc. 97 at 14-16. Mr. Armstrong appealed the dismissal of his § 2255 claims, and the clerk dismissed that appeal for lack of prosecution. United States v. Armstrong, 08-5179 (Order) (10th Cir. April 17, 2009). Before us is Mr. Armstrong's appeal of the portion of the district court's order addressing his § 3582(c)(2) motion.

When counsel submits an Anders brief indicating potentially appealable issues accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). After reviewing the record, we agree with counsel's assessment that no potential meritorious issues

---

[2] Although the district court initially identified the amended guideline range to be 110-137 months, the court further noted that the amended range could not fall below the statutory minimum for the drug offense, making the applicable range in this case 120-137 months. I R. Doc. 97 at 14-16.

exist on appeal.

This court has foreclosed the argument that a district court has discretion to modify a sentence below the amended guideline range, here the statutory ten year minimum on the drug count, or conduct a complete resentencing. <u>See</u> <u>United States v. Pedraza</u>, 550 F.3d 1218, 1221-22 (10th Cir. 2008); <u>United States v. Rhodes</u>, 549 F.3d 833, 840-41 (10th Cir. 2008). Second, the district court properly identified on the record the § 3553(a) factors it considered in imposing the modified sentence. <u>See</u> 18 U.S.C. § 3582(c)(2) (requiring a district court to consider the factors set forth in § 3553(a) to the extent applicable before reducing a sentence). The district court identified Mr. Armstrong's criminal history, public safety, and the need for deterrence in arriving at the proper sentence. I R. Doc. 97 at 16-17. Finally, the record contains no evidence that the district court abused its discretion in imposing a modified sentence at the upper limit of the modified range or that the court incorrectly calculated the revised range.

APPEAL DISMISSED. The motion to withdraw by counsel is GRANTED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 4 -