FILED
United States Court of Appeals
Tenth Circuit

October 1, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALFONSO PEDRAZA,

    Defendant - Appellant.

No. 08-2179
(D. N.M.)
(D.Ct. No. 1:90-cr-00285-MV-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th

Cir. R. 34.1(G). We accept this case for submission on the briefs.

Upon his motion, based upon amendments to the sentencing guidelines,

Alfonso Pedraza[1] was resentenced for his 1991 conviction of conspiracy to traffic

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged, except when related to law of the case, issue preclusion or claim preclusion. Any citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). 10th Cir. R. 32.1(A).

[1] Alfonso should not be mistaken for his brother Enrique Pedraza, whose appeal from a resentencing decision by the same district court judge (and whose conviction stemmed from the same series of events) we addressed in December of 2008. *See United States v. Pedraza*, 550 F.3d 1218 (10th Cir. 2008). In this order "Pedraza" refers only to

cocaine. He received partial relief for amendments made retroactive by the commission, but the district court refused a reduction based upon Amendment 439, which has not been made retroactive. 18 U.S.C. § 3582. We affirm.

## I. BACKGROUND

Pedraza was convicted in 1991 of conspiracy to possess with intent to distribute more than five kilograms of cocaine. He was sentenced in 1992, in accordance with the 1991 version of the sentencing guidelines. Under that version, the court was required to attribute the total amount of cocaine possessed by the co-defendants as part of the conspiracy – in this case, more than 700 kilograms – to Pedraza. *See* USSG §1B1.3 (1991). Accordingly, Pedraza's base offense level was calculated to be 40. Combined with a criminal history category IV, he was subject to a guideline imprisonment range of 360 months to life. Pedraza was sentenced at the low end of the range – 360 months. He filed a direct appeal. *See United States v. Pedraza*, 27 F.3d 1515 (10th Cir. 1994).[2]

While his appeal was pending, §1B1.3 was altered by the adoption of Amendment 439, effective November 1, 1992. This amendment required courts to count only those quantities of drugs connected to the defendant's actions and "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." 18 U.S.C. Appx. C, amend. 439.

---

Alfonso; Enrique Pedraza is referred to by his full name.

[2] At that time, Alfonso spelled his name "Alphonso."

In 1994, the Sentencing Commission adopted Amendment 505, which reduced the upper level for all drug offenses to 38. USSG App. C, amend. 505. A year later the Commission made the new limit retroactive by promulgating Amendment 536. USSG App. C, amend. 536.

In 2007, Pedraza filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. He asked the court reduce his sentence in accordance with the amendments. The district court applied Amendment 505 retroactively, as directed by the Sentencing Commission, and reduced Pedraza's base offense level from 40 to 38, resulting in an advisory guideline range of 324 to 405 months imprisonment. The court declined to apply Amendment 439, even though it agreed Pedraza could not have foreseen the amount of drugs ultimately transported as part of the conspiracy, concluding it had no discretion to apply Amendment 439 retroactively. It also refused to vary below the amended guideline range, concluding it had no authority to do so. It imposed a sentence of 324 months imprisonment on Dec. 13, 2007.[3]

## II. DISCUSSION

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, (540 10th Cir. 1997) (quotations omitted). "The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de

---

[3] USSG §1B1.10 was amended, effective Nov. 1, 2007. All references to the United States Sentencing Guidelines in relation to Pedraza's resentencing refer to the 2007 version.

novo." *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008), *cert. denied*, 129 S.Ct. 2052 (2009).

18 U.S.C. § 3582(c) provides in pertinent part:

The court may not modify a term of imprisonment once it has been imposed except that . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement, USSG §1B1.10, provides in relevant part that where,

the guideline range applicable to [a] defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

USSG §1B1.10(a)(1) (2007). Subsection (c) does not list Amendment 439 among the covered, retroactive amendments. *See* USSG §1B1.10(c). Accordingly, the district court did not abuse its discretion in denying Pedraza's § 3582 motion to reduce his sentence under Amendment 439.

Pedraza argues the district court erred in not applying Amendment 439 retroactively or granting him a variance from the amended advisory guideline range because the court has the authority, based on the principles underlying *United States v. Booker*, 543 U.S. 220 (2005), to do so. He urges us to adopt the Ninth Circuit's rationale from *United States v. Hicks*, 472 F.3d 1167 (9th Cir.

2007). We have rejected this argument. *See Rhodes*, 549 F.3d at 840 ("*Booker* simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2).").

Pedraza acknowledges this has been resolved in our circuit but asks we overrule our precedent. But "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *United States v. Mitchell*, 518 F.3d 740, 752 n.14 (10th Cir. 2008) (quotation omitted).

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge