FILED
United States Court of Appeals
Tenth Circuit

June 8, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

TERRANCE DEWAYNE HECKARD,

     Defendant-Appellant.

No. 10-2238
(D.C. No. 2:98-CR-00513-MV-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Terrance DeWayne Heckard was convicted of, among other things, conspiracy to distribute and possession with intent to distribute cocaine. 21 U.S.C. §§ 846 & 841(a)(1). The district court sentenced him to 168 months in prison and five years supervised release. Several years later, Mr. Heckard filed a motion under 18 U.S.C. § 3582(c)(2), arguing he was entitled to a reduced sentence under Amendment 706 of the Sentencing Guidelines. That Amendment

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

effectively reduces crack cocaine sentences by two base levels. Following an evidentiary hearing, the district court denied Mr. Heckard's motion, holding that his drug offenses involved powder cocaine, not crack cocaine, and so he was ineligible for a sentence reduction.

Mr. Heckard now seeks to appeal that ruling. His attorney, however, has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us that he discerns no colorable basis for the appeal and seeking leave to withdraw.

*Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." 386 U.S. at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then submit his own arguments for the court's consideration. *Id*. And we must then "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id*. If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id*.

In his *Anders* brief, Mr. Heckard's counsel identifies three potential points of appeal in this case: the first two concern the district court's decision to deny Mr. Heckard's motion under § 3582(c)(2) and the last one deals with the effectiveness (or ineffectiveness) of trial counsel. All three lines of attack,

counsel argues, would be pointless, lacking any merit.  Despite being afforded opportunity to do so, Mr. Heckard has not submitted any materials disputing this analysis or identifying any other additional arguments he would like to pursue. Similarly, the government has indicated its intent not to respond to the *Anders* brief.  After our own independent review of the record, we agree with Mr. Heckard's counsel that any appeal in this case would be fruitless.

*First*, the *Anders* brief notes that Mr. Heckard might argue that he is entitled to a sentence reduction under Amendment 706 because his drug offenses involved crack cocaine.  The brief correctly notes, however, that record evidence refutes this contention.  Mr. Heckard was sentenced based on powder cocaine, *not* crack cocaine, and so the district court correctly held he was ineligible for relief under § 3582(c)(2).

*Second*, the *Anders* brief raises the possibility that Mr. Heckard might argue that, under *United States v. Booker*, 543 U.S. 220 (2005), the district court had the power to reduce his sentence under § 3582(c)(2) even if his offense involved only powder cocaine.  But, as the brief correctly points out, this court has already rejected that argument. *See United States v. Rhodes*, 549 F.3d 833, 840-41 (10th Cir. 2008) (concluding "that *Booker* simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)").  And the Supreme Court has arrived at the same conclusion. *See Dillon v. United States*, 130 S. Ct. 2683, 2692-93 (2010).  Neither can Mr. Heckard argue that § 3582(c)(2) itself

authorized the district court to reduce his sentence. *See United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008). We therefore agree with Mr. Heckard's counsel that this avenue of appeal would be unavailing as well.

*Third* and finally, the *Anders* brief raises the possibility that Mr. Heckard might argue his trial counsel was ineffective. The brief correctly notes, however, that there is nothing in the record to support this claim. We thus agree with counsel that any appeal on this basis would be frivolous.

Counsel's motion to withdraw is granted and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge