FILED
United States Court of Appeals
Tenth Circuit

June 29, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

TIMOTHY DEWAYNE KINCHION, SR.,

     Defendant-Appellant.

No. 08-6191
(D.C. No. 5:03-CR-00148-D-1)
(W. Dist. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **SEYMOUR**, and **EBEL**, Circuit Judges.

Timothy DeWayne Kinchion was convicted of conspiracy to possess with intent to distribute cocaine powder in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute cocaine powder in violation of 21 U.S.C. § 841(a)(1) (Count 2), and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). He appeals his resulting sentence of 295 months' imprisonment. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH CIR. R. 32.1.

This is Mr. Kinchion's third appeal. Because the facts are fully set forth in *United States v. Kinchion*, 271 Fed. Appx. 799, 801-02 (10th Cir. 2008) (*Kinchion II*) (unpublished), and in Mr. Kinchion's co-defendant's case, *United States v. Nash*, 482 F.3d 1209, 1211-13 (10th Cir. 2007), we do not recount them here. However, the procedural history bears a brief summary.

In Mr. Kinchion's first appeal, *United States v. Kinchion*, 201 Fed. Appx. 606, 612 (10th Cir. 2006) (unpublished), we remanded for resentencing based on *Booker* error. *See United States v. Booker*, 543 U.S. 220 (2005). The district court imposed a new sentence of 352 months by applying a presumption of reasonableness to the United States Sentencing Guidelines' sentencing range. *Kinchion II*, 271 Fed. Appx. at 801-02. On appeal, Mr. Kinchion contended the district court erred when it presumed the guidelines to be reasonable and when it increased his sentence based on judge-found facts that he intended to convert powder cocaine into crack. We held the sentence enhancement based on crack rather than powder cocaine did not violate the Sixth Amendment, *id.* at 804, but we agreed that the district court had improperly applied a presumption of reasonableness to the guidelines. *Id.*

On the second remand, Mr. Kinchion was resentenced by a new district judge, the previous presiding judge having retired. The new judge imposed the same sentence imposed after the first remand except for the now applicable Amendment 706, which generally adjusts downward by two levels the base

offense level assigned to quantities of crack cocaine.[1]  With the adjusted base offense level of 34, Mr. Kinchion's advisory guideline range for confinement on Counts 1 and 2 was 235 to 293 months.  The court sentenced him to the bottom of the guideline range for Counts I and II.  It then sentenced him to a consecutive 60-month sentence for Count 3, as prescribed by statute.  18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).

On appeal, Mr. Kinchion first contends that this new sentence is greater than necessary under 18 U.S.C. § 3553(a) because the district court erroneously believed it was limited to imposing the guideline-determined sentence range.  We review a district court's sentencing determination for reasonableness, asking whether the court abused its discretion in selecting the sentence imposed.  *United States v. Smart*, 518 F.3d 800, 803-06 (10th Cir. 2008).  "In conducting reasonableness review, we first consider whether the district court properly applied the Guidelines and then determine whether the sentence imposed is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).  A sentence that falls within the correctly calculated Guidelines range is presumptively reasonable" on appeal.  *United States v. Gillespie*, 452 F.3d 1183, 1192 (10th Cir. 2006).

---

[1]Amendment 706 took effect November 1, 2007 and was made retroactive as of March 3, 2008. *See* U.S.S.G. app. C Suppl., Amendment 706 (No. 1, 2007) (regarding 2-level reduction); U.S.S.G. app. C. Suppl., Amendment 713 (Mar. 3, 2008) (regarding retroactivity).

Mr. Kinchion contends the district court erroneously felt bound to impose the prior sentence except for the Amendment 706 adjustment. In short, he says, the court did not sentence him de novo but rather performed a routine crack/powder modification. The sentencing transcript tells a different story. The district court conducted an "independent review of the record." Re-Resent. Tr. at 6. It specifically acknowledged reviewing defendant's sentencing memorandum and the presentence report, including the objections to the report, which were also "considered and ruled on by the previous court." *Id.* at 2. The court then noted its discretion to decline to revisit the determinations of the previous sentencing court, stating it was "in agreement with those findings, in any event." *Id.* at 3. The court heard argument from both Mr. Kinchion and the government regarding the applicability of the § 3553(a) factors. After a discussion of those factors, the court pronounced a sentence it described as "minimally sufficient to achieve the goals of sentencing," concluding "that the Section 3553 factors, carefully considered and taken together, lead to a result entirely in harmony with the application of the guidelines." *Id.* at 17. The court was not persuaded that the § 3553(a) factors justified a departure from the recommended guideline range.

Describing its rationale, the district court stated that "the reasons for the intended sentence are to reflect the seriousness of the offense and to provide just punishment; to protect the public from further crimes of the defendant; to afford adequate deterrence to criminal conduct; and to provide defendant with needed

medical care and correctional treatment." *Id.* This is sufficient to satisfy §

3553(a)'s requirement that the district court provide a statement of reasons for its

sentence. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir.

2007) ("Section 3553(c) requires the court to provide only a general statement of

the reasons for its imposition of the particular sentence." (quotation marks

omitted)). "[W]e will step in and find error [only] when the record gives us

reason to think that our ordinary [] presumption that the district court knew and

applied the law is misplaced." *Id*. at 1202. Here, the district court reviewed

everything available to it, considered the information Mr. Kinchion asked it to

consider, and weighed the § 3553(a) factors to fashion a sentence it found

appropriate. Mr. Kinchion's contention that the court did not conduct a de novo

sentencing is not supported by the record.

Mr. Kinchion also asserts that the district court miscalculated his base

offense level because it used cocaine base to determine the offense level, rather

than the cocaine powder for which he was convicted. We observed in *Kinchion*

*II*, 271 Fed. Appx. at 804 n.3, that "[t]here is no logical inconsistency between a

person possessing powder cocaine, and that same person having the intent to

convert the powder to crack at some point in the future." Although Mr. Kinchion

does not couch his current argument as a Sixth Amendment violation as he did in

*Kinchion II*, there is very little substantive difference between his argument and

the one we rejected in his previous appeal. Nevertheless, we entertain his

contention that he is being sentenced for a substance that, he claims, "never existed, period." Aplt. Br. at 18.

"Under the guidelines, it is proper to sentence a defendant under the quantity table for cocaine base if the record indicates that the defendant intended to transform powdered cocaine into cocaine base." *United States v. Angulo Lopez*, 7 F.3d 1506, 1511 (10th Cir. 1993). Here, the record indicates precisely that. There was substantial evidence that Mr. Kinchion was in the business of selling crack cocaine. Both at trial and at sentencing, witnesses testified that Mr. Kinchion routinely purchased powder cocaine and converted it into crack. *Kinchion II,* 271 Fed. Appx. at 800-01; Tr. Tran. at 140-43, 146-48, 363, 366-67, 390-93, 569-72.

All of the evidence presented for consideration on the issue of cocaine powder versus crack cocaine clearly indicated that but for the arrest of defendant, he would have taken the cocaine powder, rocked it up into crack cocaine, and redistributed it. The sentencing court appropriately determined Mr. Kinchion is accountable for the drugs attributable to him that were reasonably foreseeable both as to type and quantity.

We **AFFIRM** the judgment and sentence of the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-6-