FILED
United States Court of Appeals
Tenth Circuit

August 4, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA

    Plaintiff–Appellee,

v.

LAWRENCE WILLIAMS, a/k/a Pierre,
a/k/a Trips 2,

    Defendant–Appellant.

No. 08-1284

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO
(D.C. No. 94-CR-00254-RPM)

---

David E. Johnson, Research and Writing Specialist (Edward R. Harris, Assistant Federal
Public Defender, and Raymond P. Moore, Federal Public Defender, with him on the
briefs), Denver, Colorado, for Defendant–Appellant.

Andrew A. Vogt, Assistant United States Attorney (Troy A. Eid, United States Attorney,
with him on the briefs), Denver, Colorado, for Plaintiff–Appellee.

---

Before **HARTZ**, **HOLLOWAY**, and **McKAY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

In this case, we review a sentencing challenge relating to the effect of U.S.S.G. §

1B1.10 on a district court's authority to reduce a sentence under 18 U.S.C. § 3582(c)(2).

The defendant, Lawrence Williams, disagrees with the district court's conclusion that it

lacked authority under § 1B1.10 to impose a sentence below the range provided for in

Amendment 706 to the sentencing guidelines. Specifically, Defendant argues that the court was not bound by § 1B1.10's limitations on sentencing because other policy statements of the Sentencing Commission are inconsistent with Amendment 706 and the amendment is inconsistent with the Sentencing Reform Act. For the reasons that follow, we affirm.

## BACKGROUND

Because this appeal presents a purely legal question, the facts of Defendant's conviction need not be discussed in much detail. Suffice it to say, in 1996 a jury convicted Defendant of six crack cocaine offenses. More than 1.5 kilograms of crack cocaine were attributed to Defendant, which placed his base offense level at thirty-eight under the sentencing guidelines in effect at the time. However, Defendant's offense level was ultimately adjusted upward to level forty-two for his possession of a weapon and role in the offense. Although Defendant had a criminal history score of I, the then-mandatory guidelines called for a sentence of imprisonment of 360 months to life. The district court sentenced Defendant to 360 months on four counts, and to the statutory maximum sentence of 240 months on the remaining two counts.

Then, in November 2007, the United States Sentencing Commission amended the drug quantity table associated with § 2D1.1(c) of the sentencing guidelines. *See* U.S.S.G. App. C, Amend. 706. Amendment 706 provided for a two-level reduction in the base offense levels of crack cocaine-related offenses. *Id.* After the Sentencing Commission applied this amendment retroactively, Defendant filed a motion pursuant to 18 U.S.C. §

3582(c)(2), requesting a hearing and asking the court to decrease his sentence. Specifically, he asked for a sentence of time-served (at the time, 164 months)—well below the amended range of 292 to 365 months.  Defendant contended the court could sentence him below the amended range and still sentence him consistently with the Commission's policy statements, as required by § 3582(c)(2).  The government agreed Defendant was eligible for a sentence reduction but objected to a sentence below the amended range.  The court ultimately found it lacked authority under § 1B1.10 to impose a sentence below the modified range.  Accordingly, it imposed a sentence of 292 months.

## ANALYSIS

Defendant's primary argument on appeal is that the district court erroneously assumed it lacked authority to sentence him to less than the minimum of the amended guideline range.  Specifically, Defendant contends, the court improperly considered itself bound by U.S.S.G. § 1B1.10, where the Commission had issued other inconsistent policy statements.  We review *de novo* the scope of a district court's authority in a proceeding under § 3582(c)(2), *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008), as well as its interpretation of a statute or the sentencing guidelines. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008).

Generally, a district court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  However, Congress has established a few narrow exceptions to this rule of finality.  For instance, § 3582(c)(2) allows courts to reduce the terms of imprisonment of defendants who were sentenced based on a sentencing range

later lowered by the Sentencing Commission under 28 U.S.C. § 994. Under § 3582(c)(2), a court can decrease a defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In effect, this provision vests the Commission with authority "to define the extent to which a judge may reduce a sentence in a § 3582(c)(2) resentencing." *United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008); *see also* 28 U.S.C. § 994(u). It also limits courts' authority to reduce a sentence based on a later guidelines amendment to circumstances where the reduction is consistent with the Sentencing Commission's applicable policy statements.

The Commission's statutory authority to make policy judgments is rooted in 28 U.S.C. § 994(a)(2). In accordance with this authority, the Sentencing Commission issued U.S.S.G. § 1B1.10 and designated it the policy statement governing § 3582(c)(2):

> (a) <u>Authority</u>.—
>
> > (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), *any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement*.

U.S.S.G. § 1B1.10 (emphasis added). The section goes on to strictly limit the reduction of a defendant's sentence to the modified guideline range: "Except as provided in

-4-

subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection," (*i.e.*, the range applicable had the amendment been in effect at the time of sentencing). § 1B1.10(b)(1).

Defendant concedes that § 1B1.10 asserts that a court cannot decrease a defendant's sentence below the guideline range under § 3582(c)(2). However, he argues § 1B1.10 is inconsistent with the Commission's other policy statements; consequently, it does not constrain a court's ability to impose a sentence below the modified guideline range. Indeed, Defendant contends that by failing to consider the Commission's other statements and their alleged inconsistencies, the court committed reversible error. Defendant calls statements inconsistent if critical of Amendment 706 or the powder-to-crack cocaine ratio. Among other things, Defendant points to press releases and a report to Congress as sources of statements inconsistent with § 1B1.10. However, Defendant primarily focuses on the statement of reasons issued with the amendment. In it, the Commission called Amendment 706 an interim and incomplete measure meant to alleviate some of the problems associated with the powder-to-crack cocaine drug quantity ratio. U.S.S.G. App. C, Amend. 706, Reason for Amendment. Further, the Commission expressed its concern that the 100-to-1 ratio undermines the purposes of the Sentencing Reform Act and its desire for Congress to address the problem. *Id.*

According to Defendant, "where the Commission has issued inconsistent and

conflicting policy statements about the adequacy of an amended guideline, a district court can sentence a defendant 'consistent with' the Commission's more specific policy statement that a particular amended guideline is inadequate." (Appellant Br. at 14.) Defendant argues the Commission's repudiation of the 100-to-1 powder-to-crack cocaine sentencing ratio is more specific than its statements in § 1B1.10, so courts should not be bound by § 1B1.10's sentencing limitations. Instead, courts can follow the mandates of § 3582(c)(2) to impose a sentence consistent with the Commission's policy statements by imposing sentences below the amended guideline range. Similarly, Defendant contends that courts should not be bound by the limitations of § 1B1.10 because the Commission sees its own amendment as inconsistent with the Sentencing Reform Act. Due to the inconsistencies, Defendant claims, the Commission's policy statements do not further the purposes of § 3553(a)(2), as required by its enabling statute, 28 U.S.C. § 994(a)(2).

Even if we were to set aside the implications of *Pedraza* and *Rhodes*, we reject the claim that other statements issued by the Sentencing Commission or its members negate the binding effect of § 1B1.10. *See Rhodes*, 549 F.3d at 841 (concluding that because § 1B1.10 is binding on courts pursuant to § 3582(c)(2), the court lacked authority to impose a sentence below the amended range); *Pedraza*, 550 F.3d at 1220–21 (same). Anything else would make the Commission's statutory authority to issue policy judgments illusory. After all, to effectively exercise its authority under § 994, the Commission must be able to designate which statements derive from its statutory authority and qualify as official policy statements. With § 1B1.10, the Commission explicitly has done exactly that:

-6-

"This policy statement provides guidance and limitations for a court when considering a motion under 18 U.S.C. 3582(c)(2) and implements 28 U.S.C. 994(u) . . . ." U.S.S.G § 1B1.10 cmt. background. Thus, even if a court were to consider other statements when deciding where a sentence should fall within the modified range pursuant to § 3582(c)(2), it would still be bound by § 1B1.10's sentencing limitations. *See* § 1B1.10(a)(1) ("As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with *this* policy statement." (emphasis added)). None of the other statements Defendant characterizes as "policy statements" speak directly to § 3582, and none constitutes an exercise of the Commission's authority under § 994. Instead, these statements are simply advisements by the Commission about what it perceives to be a continuing problem with the statutory sentencing scheme. As such, the statements neither take away from the Commission's ability to define and limit its own policy statements under § 994, nor undercut the binding effect of § 1B1.10—the product of its authority. In short, the district court correctly considered itself bound by the sentencing limitations of § 1B1.10.

Moreover, the other statements to which Defendant refers merely reflect the Commission's attempt to fulfill the many roles assigned to it by Congress. Under its enabling statute, the Commission must establish cohesive sentencing policy and make recommendations to Congress as appropriate. *See* 28 U.S.C. § 994(a), (b), (r), (w)(3). Section 1B1.10 complies with the mandate to establish policy, while the Commission's commentary about the powder-to-crack cocaine ratio touches on the Commission's role

as a recommender to Congress. If the Commission were unable to fulfill its reporting role without undermining its obligation to issue policy statements, any improvement to the sentencing system would be impeded. What Defendant complains of is simply the Commission's fulfillment of a dual role under § 994—issuing official policy statements while at the same time making appropriate recommendations regarding sentencing.

Defendant also argues that the district court's conclusion that it was bound by U.S.S.G. § 1B1.10 contradicts *United States v. Booker*, 543 U.S. 220 (2005). However, as Defendant acknowledges (Appellant Reply Br. at 6), we rejected this argument in *Rhodes*, 549 F.3d at 840. We likewise reject it here.

## CONCLUSION

For the above reasons, we **AFFIRM** the judgment of the district court.