**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BERNIE BANUELOS,

Defendant-Appellant.

No. 09-2170
(D.C. No. 1:02-CR-00084-WJ-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

Defendant Bernie Banuelos appeals the reduced sentence that the district court imposed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the provisions of the Sentencing Guidelines for offenses involving certain quantities of cocaine base ("crack cocaine"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Following a jury trial, Mr. Banuelos was convicted of distributing less than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possessing with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and conspiracy to distribute a substance containing cocaine base in violation of 21 U.S.C. § 846. In sentencing proceedings, the district court did not accept Mr. Banuelos's argument that his classification as a career offender over-represented his prior criminal conduct. It sentenced Mr. Banuelos to 324 months of imprisonment on each of the convictions relating to crack cocaine, with the sentences running concurrently. The convictions and sentences were upheld on appeal. *United States v. Banuelos*, 117 F. App'x 692, 702 (10th Cir. 2004).

Later, "the United States Sentencing Commission promulgated Amendment 706, which is retroactive and generally provides a two-level reduction in the base offense level for crack cocaine offenses under [U.S.S.G.] § 2D1.1(c)." *United States v. Darton*, 595 F.3d 1191, 1193 (10th Cir.), *cert. denied*, __ S. Ct__, 2010 WL 1991552 (2010). Mr. Banuelos therefore filed a motion to reduce his sentence. *See* 18 U.S.C. § 3582(c)(2) (providing for modification of imposed "term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). His motion also argued that he should

be sentenced below the amended guideline range because he was improperly found to be a career offender.

The district court determined that Mr. Banuelos was eligible for a sentence reduction and that the applicable amended sentencing range was 262 to 327 months, down from the original range of 324 to 405 months. As a result, the court reduced Mr. Banuelos's sentence to 262 months of imprisonment. But the district court concluded that it lacked authority to consider a below-guideline sentence when ruling on an 18 U.S.C. § 3582(c)(2) motion.

II.

Mr. Banuelos appealed, arguing that the reasoning of *United States v. Booker*, 543 U.S. 220 (2005), allows district courts to consider a below-guideline sentence in a § 3582(c)(2) proceeding. This issue, concerning "[t]he scope of a district court's authority in a . . . proceeding under § 3582(c)(2)[,] is a question of law that we review de novo." *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009).

And, as the district court recognized, this court has previously resolved the issue. We have held that *Booker*, which rendered the guidelines advisory to remedy the Sixth Amendment problems associated with a mandatory sentencing scheme, does not apply to § 3582(c)(2) proceedings. *Rhodes*, 549 F.3d at 841. Further, the Sentencing Commission's policy statements regarding § 3582(c)(2) modifications of previously imposed sentences do not allow a sentencing court to

impose a sentence below the amended guideline range. *Id*. (citing U.S.S.G. § 1B1.10, the applicable policy statement). Similarly, we have stated that the Sentencing Commission is vested with the authority "to define the extent to which a judge may reduce a sentence" in a § 3582(c)(2) proceeding and *Booker* does not "mandate discretion to impose a below-guidelines sentence" in this type of proceeding. *United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008), *cert. denied,* 129 S. Ct. 2406 (2009). *See also United States v. Williams*, 525 F.3d 1075, 1078 (10th Cir. 2009) (rejecting *Booker* argument in appeal of district court's determination that it lacked authority to impose below-guideline sentence in § 3582(c)(2) proceedings), *cert. denied*, __ S. Ct. __, 2010 WL 2471094 (June 21, 2010).

While Mr. Banuelos's appeal was pending in this court, the Supreme Court provided the definitive analysis of the issue. *Dillon v. United States*, No. 09-6338, 2010 WL 2400109 (U.S. June 17, 2010). In fact, defense counsel has submitted a supplemental authority recognizing *Dillon's* "pertinent and significant impact on the issues raised by Mr. Banuelos in this appeal." Supp'l Auth. at 1.

In *Dillon*, the Court disapproved a characterization of a § 3582(c)(2) matter as a "sentencing or resentencing proceeding" *Id.,* 2010 WL 2400109, at *5. In harmony with our previous cases, the Court stated that sentence modification pursuant to § 3582(c)(2) is not "constitutionally compelled" and instead

"represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Id., at *7. The Court emphasized that § 3582(c)(2) "permits a sentence reduction within the narrow bounds established by the [Sentencing] Commission." *Id., at *9. "The relevant policy statement instructs that a court proceeding under § 3582(c)(2) 'shall substitute' the amended Guidelines range for the initial range 'and shall leave all other guideline application decisions unaffected.'" *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). Only "the aspects of [the] sentence . . . affected by the Commission's amendment to § 2D1.1" are within the "scope of the proceeding authorized by § 3582(c)(2)." *Id.*

Accordingly, the district court properly determined that it lacked discretion or authority to consider Mr. Banuelos's request for a below-guideline sentence. The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge