FILED
United States Court of Appeals
Tenth Circuit

December 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TIMOTHY DEWAYNE KINCHION, SR.

      Defendant - Appellant.

No. 13-6246
(D.C. No. 5:03-CR-00148-D-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY**, and **PHILLIPS**, Circuit Judges.

Timothy Dewayne Kinchion, Sr. appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied his motion, concluding that Amendment 750 to the Sentencing Guidelines did not lower his sentencing range because his 2003 conviction involved too much cocaine base to qualify for relief. Kinchion does not contest this ruling. Instead, he attempts to use § 3582(c)(2) to collaterally attack his original sentence under the Fifth and Eighth Amendments. We have no authority to grant relief on Kinchion's constitutional claims. As we explained in *United States v.*

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

*Gay*, No. 13-6247, 2014 WL 5840303, (10th Cir. Nov. 12, 2014), district courts have limited jurisdiction under § 3582(c)(2) to reduce sentences. That jurisdiction does not reach collateral attacks on a defendant's sentence, whether on constitutional grounds or otherwise. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

BACKGROUND

In July 2003, a federal grand jury indicted Kinchion and charged him with three crimes: (1) conspiring to possess with intent to distribute about one kilogram of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1(B); (2) possessing about one kilogram of cocaine powder with intent to distribute it, in violation of §§ 841(a)(1) and 841(b)(1)(B); and (3) possessing a firearm "during and [sic] relation to" a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[1] R. supp. vol. 1. at 4. On October 23, 2003, a jury convicted Kinchion of all three counts. In response to a special interrogatory on the verdict form, the jury found that Kinchion: (1) conspired to possess with intent to distribute between 500 grams and five kilograms of cocaine powder; (2) possessed with intent to distribute between 500 grams and five kilograms of cocaine powder; and (3) carried a firearm during and in relation to a drug trafficking crime.

---

[1] While 18 U.S.C. § 924(c)(1) actually prohibits possession of a firearm "in furtherance of" a drug trafficking crime, the charging disparity is not at issue in this appeal.

Applying the 2003 Sentencing Guidelines, the probation office prepared a final presentence report ("PSR"). The PSR found that Kinchion's relevant conduct amounted to one kilogram of cocaine *base*. The PSR calculated Kinchion's base offense level using cocaine base instead of cocaine powder because "he was aware that the cocaine powder he possessed . . . was to be cooked . . . into cocaine base." R. vol. 2 at 5. At sentencing, the district court found that the evidence from trial was sufficient to hold Kinchion "accountable for crack cocaine." R. vol. 1 at 87. This relevant conduct of one kilogram of cocaine base resulted in a base offense level of 36.[2] U.S. Sentencing Guidelines Manual § 2D1.1 (2003) (amended 2014). The PSR assessed two additional offense levels under § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. Based on these calculations, the PSR arrived at a total offense level of 38. This offense level, combined with Kinchion's criminal history category of III, resulted in a guideline range of 292 to 365 months.

Kinchion raised several objections to the PSR, including to the drug computation. The court overruled his objections. On September 9, 2004, the court

---

[2] In 2003, the threshold weight of cocaine base to reach base offense level 36 was 500 grams. In 2007, Amendment 706 to the Sentencing Guidelines raised this amount to 1.5 kilograms. In 2010, Amendment 750 again raised the amount, this time to 2.8 kilograms. For sentences after November 1, 2014, under Amendment 782 to the Sentencing Guidelines, the amount of cocaine base again was raised to 8.4 kilograms for base offense level 36. The Commission has made the new amendment retroactive, but with the requirement that reduced sentences cannot take effect until November 1, 2015.

sentenced Kinchion to 292 months of imprisonment on Counts 1 and 2, to run concurrently, and 60 months' imprisonment on Count 3, to run consecutively. This resulted in a total sentence of 352 months of imprisonment. The sentence was imposed between the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). Kinchion raised a *Blakely* argument, but the district court overruled it. Aware that *Booker* was pending, however, the district court imposed an alternative sentence as well. The alternative sentence set a term of 10 years of imprisonment for Count 1, and 10 years for Count 2, to run concurrently, and 5 years for Count 3, to run consecutively.

The Supreme Court decided *Booker* four months later, rendering the Sentencing Guidelines advisory. *Booker*, 543 U.S. at 250–58. Because Kinchion had preserved this issue on appeal, this court remanded the case for resentencing, declining to impose the alternative sentence without first allowing the district court to reconsider the sentence post-*Booker*. *United States v. Kinchion*, 201 F. App'x 606, 611–12 (10th Cir. 2006). On remand, the district court again imposed its original sentence of 352 months. Kinchion appealed again, and this court vacated the sentence a second time for procedural error because the district court had "applied a presumption of reasonableness to the Guidelines sentence." *United States v. Kinchion*, 271 F. App'x 799, 803 (10th Cir. 2008).

By the time the district court reconsidered Kinchion's sentence after the second remand, the Sentencing Commission had promulgated Amendment 706 to

the Sentencing Guidelines.[3] *United States v. Kinchion*, 337 F. App'x 743, 745 (10th Cir. 2009). Under this amendment, the Sentencing Commission reduced the base offense level for offenses involving a kilogram of cocaine base from level 36 to level 34. As the district court recognized, this change reduced Kinchion's advisory guideline range to 235 to 293 months for the drug convictions. *Id.* Accordingly, finding a reduced sentence appropriate, the court resentenced Kinchion to 235 months on Counts 1 and 2, to run concurrently, and 60 months on Count 3, to run consecutively. On appeal, this court affirmed the sentence. *Kinchion*, 337 F. App'x at 746.

In 2010, in response to the Fair Sentencing Act, the Sentencing Commission promulgated Amendment 750, which reduced the base offense levels for various quantities of crack cocaine. U.S. Sentencing Guidelines Manual app. C, amend. 750 (2011). Specifically, as pertains to Kinchion's case, Amendment 750 altered the range for base offense level 34 from 500 grams to 1.5 kilograms of cocaine base, to 840 grams to 2.8 kilograms. *Id.* § 2D1.1(c)(1) (2007)

---

[3] In 2007, frustrated by the statutory mandatory minimum sentences, the Sentencing Commission reduced the base offense level by two for most weights of controlled substances through Amendment 706. In 2008, with Congress' acquiescence, the Commission made the base offense level reduction retroactive. U.S. Sentencing Comm'n, *Supplement to the 2007 Guidelines Manual* 55–56 (2008). Amendment 706 resulted in the cocaine powder-base ratio falling to about 33:1 for base offense level 38 (the highest base offense level). However, Amendment 706 did not create a uniform ratio across the offense levels. Instead, the guidelines under Amendment 706 "advance[d] a crack/powder ratio that varie[d] (at different offense levels) between 25 to 1 and 80 to 1." *Kimbrough v. United States*, 552 U.S. 85, 106 (2007).

(amended 2014). With Congress's acquiescence, the Sentencing Commission applied Amendment 750 retroactively. *See id.* app. C, amend. 759 (2011).

In response to Amendment 750, Kinchion filed a motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction. The district court denied his motion. It concluded that it lacked authority to alter Kinchion's sentence because applying Amendment 750 would not change his base offense level. Simply put, Kinchion's relevant conduct involving one kilogram of cocaine base remained at base offense level 34 even after Amendment 750. A sentence reduction under § 3582(c)(2) is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B) (2013).

## DISCUSSION

A. Kinchion's Claims and Legal Theories

Kinchion contends that the "continued enforcement of the sentence of confinement derived through the application of the punishment differential for cocaine base violates the Fifth's Amendment's due process guarantee." Appellant's Br. at 11. He also argues that the "continued enforcement of a sentence contrived in contravention of the Sixth Amendment and effectuating a repudiated punishment formula presents an extraordinary case of grossly disproportionate punishment that traduces the protections of the Eighth Amendment." *Id.* at 20.

B. No Authority to Hear Constitutional Challenges in § 3582(c)(2) Proceedings

We review de novo the scope of a district court's authority to resentence a defendant in a § 3582(c)(2) proceeding. *United States v. Williams*, 575 F.3d 1075, 1076 (10th Cir. 2009). Kinchion fails to tie his constitutional challenges to his motion for a sentence reduction under § 3582(c)(2), the matter heard in district court and the only possible basis for this appeal. Instead, he protests that *Booker*[4] has not been given retroactive effect and consequently that his "resentencing left intact the sentence derived through a patently Constitutionally flawed process." Appellant's Br. at 13. If we do not apply *Booker* here, he states, then "the sentence he is serving still enforces the fundamental error that prompted the Court to find the guidelines unconstitutional in *Booker*." *Id.* at 16. Even after acknowledging that *Booker* is not applied retroactively, he asks this court to reverse our clearly established precedent and apply it retroactively. *See Dillon v. United States*, 560 U.S. 817, 828 (2010) (rejecting an argument in a § 3582(c)(2) proceeding that, under *Booker*, the district court should have resentenced the defendant under the advisory guidelines and adjusted his criminal history category). Moreover, we do not see how he can deny that the district court would

---

[4] In *Booker*, the Supreme Court found that the mandatory nature of the Sentencing Guidelines violated the Sixth Amendment right of criminal defendants to be tried by a jury and to have every element of their offense proven by a reasonable doubt. 543 U.S. at 235, 243–44. To remedy the problem, the Supreme Court rendered the Guidelines advisory by invalidating certain provisions of the Sentencing Reform Act. *Id.* at 259. It concluded that the remainder of the Guidelines is constitutional. *Id.*

have been quite willing to give him the benefit of Amendment 750's 18:1 ratio if the new ratio, in fact, served to lower his sentencing range.

Kinchion's challenge amounts to a collateral attack on his sentence, seeking relief beyond that allowed in a § 3582(c)(2) proceeding. *See United States v. Price*, 438 F.3d 1005, 1006–07 (10th Cir. 2006) (finding no authority to consider *Booker* relief in a § 3582(c)(2) proceeding after noting that courts may modify a defendant's sentence only when Congress has expressly given jurisdiction to do so); *United States v. Smartt*, 129 F.3d 539, 542–43 (10th Cir. 1997) (finding no jurisdiction in a § 3582(c)(2) appeal to consider the effect of counsel's failure to request safety-valve relief, as this relief should be addressed in a 28 U.S.C. § 2255 motion). We find nothing in the limited congressional grant of authority to modify sentences provided by § 3582(c)(2) that would allow Kinchion to challenge the constitutionality of his sentence. As all convicted defendants, he must do so on direct appeal or in a § 2255 petition.

We reiterate that "[a] judge's resentencing authority is a creation of statute . . . ." *United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008). "[A] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so." *Price*, 438 F.3d at 1007 (emphasis in original) (quoting *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005)). Under § 3582(c)(2), a court may only grant a sentence reduction for a defendant whose sentencing range "has subsequently been lowered by the Sentencing Commission. . . ." 18 U.S.C. §

3582(c)(2). This limited jurisdiction is a "narrow exception to the usual rule of finality of judgments . . . ." *Pedraza*, 550 F.3d at 1220. Section 3582(c)(2) proceedings are "narrow" in scope and authorize "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826; *see also United States v. Washington*, 759 F.3d 1175, 1181 (10th Cir. 2014) ("[W]e begin by recognizing [that] the modification procedure set out in § 3582(c)(2) is carefully constrained."). Kinchion fails to recognize the limited scope of review afforded by § 3582(c)(2).

Our authority in a § 3582(c)(2) proceeding is limited to reviewing the district court's determination of whether a sentence reduction is authorized because it would have the effect of lowering the defendant's applicable guideline range. *See* U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B) (2013). Applying Amendment 750 to Kinchion's case would change neither his base offense level nor—correspondingly—his applicable guideline range.

Finally, we note that even if Kinchion had authority to challenge the constitutionality of his sentence under § 3582(c)(2), his constitutional claims would fare poorly under our precedent. *See United States v. Gay*, No. 13-6247, 2014 WL 5840303, at *3 (10th Cir. Nov. 12, 2014) (finding court had no authority to hear Eighth Amendment challenge in § 3582(c)(2) proceeding); *United States v. Brooks*, 161 F.3d 1240, 1247 (10th Cir. 1998) (applying binding circuit precedent, court rejected defendant's argument that the 100:1 disparity for cocaine powder and cocaine base violated the Eighth Amendment).

CONCLUSION

The district court did not err in finding that Kinchion was ineligible for a sentence modification under § 3582(c)(2). Accordingly, we affirm the district court's order denying relief under § 3582(c)(2).

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge