**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

v.

DRACY LAMONT MCKNEELY,

     Defendant – Appellant.

No. 14-1291
(D.C. No. 1:93-CR-00308-MSK-1)
(D. Colo.)

---

## ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

     Dracy McKneely appeals following the district court's denial of his motion to

reduce his sentence pursuant to 18 U.S.C. § 3582. Exercising jurisdiction under 28

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1291, we affirm.

## I

McKneely was convicted in 1994 of possession with intent to distribute fifty grams or more of cocaine base. United States v. McKneely, 69 F.3d 1067, 1070 (10th Cir. 1995). The district court concluded that McKneely was responsible for approximately 4500 grams of cocaine base, resulting in a base offense level of 38. It added two levels for possession of a firearm and two levels for his leadership role in the offense for a total offense level of 42. Coupled with McKneely's criminal history category of IV, his Guidelines range was 360 months to life. The court imposed a life sentence, but later amended McKneely's sentence to 360 months.

In 2013, McKneely filed a § 3582 motion. He filed several amended motions in the ensuing months seeking the same relief. The district court denied the motions, concluding that it lacked authority to reduce McKneely's sentence because his sentencing range was not altered by Guideline amendments. McKneely now appeals.[1]

---

[1] The government argues that McKneely's notice of appeal was untimely. Although the notice of appeal deadline is not jurisdictional in a criminal case, we are obliged to dismiss if the timeliness issue is raised by the government. See United States v. Garduño, 506 F.3d 1287, 1291 (10th Cir. 2007). In his reply brief, McKneely states that he delivered a notice of appeal to prison officials via the institutional legal mail system ten days after the district court order was entered, within the fourteen-day deadline. See Fed. R. App. P. 4(b)(1)(A)(i). He also attaches a declaration made under penalty of perjury that this delivery date is correct. Because this declaration complies with the prison mailbox rule, we will consider the merits of the appeal. See United States

Continued . . .

## II

We generally review a district court's denial of a § 3582(c)(2) motion for abuse of discretion. See United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008). But we review a district court's conclusion that it lacked authority to grant a § 3582(c)(2) motion de novo. See United States v. Williams, 575 F.3d 1075, 1076 (10th Cir. 2009).

Federal courts "generally may not modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 U.S. 817, 819 (2010) (quotation omitted). However, a district court may reduce the sentence of a defendant who "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). The Sentencing Commission has issued a policy statement barring a sentence reduction if a retroactive Guideline amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Under Amendments 750 and 759 to the Guidelines, U.S.S.G. app. C, amends. 750 & 759, McKneely's base offense level would drop from 38 to 36. Compare U.S.S.G.

---

v. Ceballos-Martinez, 387 F.3d 1140, 1143 (10th Cir. 2004) (describing prison mailbox rule and noting that a prisoner may comply with the rule after the notice of appeal is filed).

§ 2D1.1(c)(1) (1994) <u>with</u> U.S.S.G. § 2D1.1(c)(2) (2013).  His total offense level would accordingly drop from 42 to 40.  However, with a criminal history category of IV, McKneely's Guidelines range would be 360 months to life regardless of this change.  <u>See</u> U.S.S.G. ch. 5, pt. A (Sentencing Table).  Accordingly, lowering McKneely's sentence would be inconsistent with the policy statement contained in U.S.S.G. § 1B1.10(a)(2)(B) and is thus prohibited by the plain text of 18 U.S.C. § 3582(c)(2).

In his briefing on appeal, McKneely argues that his offense level and criminal history category were miscalculated.  Although a court considering a § 3582(c)(2) motion must "determine the amended guideline range that would have been applicable to the defendant" under the retroactive amendments, it "shall leave all other guideline application decisions unaffected."  U.S.S.G. § 1B1.10(b)(1).  We rejected McKneely's sentencing arguments on direct appeal.  <u>See</u> <u>McKneely</u>, 69 F.3d at 1078-79.  The district court lacked authority to reconsider these issues under § 3582(c)(2).  <u>See</u> <u>United States v. Washington</u>, 759 F.3d 1175, 1182 (10th Cir. 2014) (stating that "district courts cannot recalculate aspects of a sentence that are unaffected by a retroactively applicable amendment to the Guidelines").

**III**

For the foregoing reasons, we **AFFIRM**.  McKneely's motion to proceed in forma

pauperis is **GRANTED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge