**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GABRIEL RODRIGUEZ-AGUIRRE,

    Defendant - Appellant.

No. 16-2003
(D.C. No. 2:92-CR-00486-KG-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Gabriel Rodriguez-Aguirre appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on a subsequent amendment to the United States Sentencing Guidelines. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the district court's order and remand with instructions to dismiss the motion.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In 1994, a jury convicted Rodriguez-Aguirre on multiple counts of drug trafficking and money laundering. His presentence report ("PSR") recommended a base offense level of 38 because the quantity of marijuana-equivalent attributable to Rodriguez-Aguirre was approximately 2.2 million kilograms—far greater than the 30,000 kilogram threshold for that base offense level. Based in part on his offense level, the PSR recommended a Guidelines range of 360 months to life imprisonment. The district court sentenced him to 360 months' imprisonment.

In 2014, Amendment 782 to the Guidelines lowered certain offense levels under U.S.S.G. § 2D1.1(c). U.S.S.G. Manual, Supp. to App. C, amend. 782. However, the Amendment retained an offense level of 38 for offenses involving more than 90,000 kilograms of marijuana. § 2D1.1(c) (2015). In October 2015, Rodriguez-Aguirre sent a letter to the clerk in the District of New Mexico asking the court to appoint counsel to file a motion for a sentence reduction under § 3582(c)(2) in light of Amendment 782. The letter appeared in the district court's docket as a motion for a sentence reduction. In response, the district court appointed counsel, but before counsel appeared or filed anything on Rodriguez-Aguirre's behalf, the court sua sponte entered an order denying a sentence reduction. Rodriguez-Aguirre appeals.

# II

We review "de novo the scope of a district court's authority in a proceeding under § 3582(c)(2)." United States v. Williams, 575 F.3d 1075, 1076 (10th Cir.

2009). A district court does not have jurisdiction over a § 3582(c)(2) motion if "a change in the guidelines would not lower the offense level or criminal-history category of the defendant." United States v. White, 765 F.3d 1240, 1246, 1250 (10th Cir. 2014) (quotation omitted).

On appeal, Rodriguez-Aguirre concedes that he was not eligible for a sentence reduction. We agree. Because his offense involved more than 90,000 kilograms of marijuana-equivalent, Amendment 782 did not lower his offense level. Accordingly, the district court properly held that Rodriguez-Aguirre was not entitled to § 3582 relief. However, because his offense level was unchanged, the district court did not have jurisdiction and should have dismissed, rather than denied, the motion. See id. at 1250.[1]

## III

The district court's order is **VACATED**. We **REMAND** with instructions to dismiss the motion for lack of jurisdiction. Rodriguez-Aguirre's motion to proceed in forma pauperis is **GRANTED**. The government's motion to supplement the record on appeal is **DENIED**.

---

[1] Rodriguez-Aguirre also argues that the district court erred in construing his letter requesting that the court appoint counsel to file a § 3582(c)(2) motion as itself a motion for a sentence reduction. We do not consider whether the district court permissibly construed the letter as a motion, because Rodriguez-Aguirre was not eligible for relief under § 3582, as discussed supra, and any procedural error was harmless. See Fed. R. Crim. P. 52.

3

Entered for the Court

Carlos F. Lucero
Circuit Judge

4