FILED
United States Court of Appeals
Tenth Circuit

May 21, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYMUNDO DURAN SERVIN, a/k/a
Cejas, a/k/a Raymundo Duran,

    Defendant - Appellant.

No. 17-5101
(D.C. No. 4:14-CR-00140-JED-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Raymundo Servin appeals the district court's dismissal of his motion for a

sentence reduction.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In 2015, Servin pled guilty to conspiring to distribute methamphetamine.  A

presentence investigation report ("PSR") was prepared.  Based on the 2015

Guidelines Manual, the PSR concluded that Servin faced an advisory guideline range

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of 235 to 293 months' incarceration, and a mandatory minimum of ten years. Servin sought a variance below this range and a downward departure based on extreme family circumstances. The government opposed the downward departure, but agreed that a variance was appropriate. On January 12, 2016 the district court denied a downward departure but granted a variance, sentencing Servin to 135 months.

In September 2017, Servin filed a motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782. He also claimed that his sentence should be reduced based on substantial assistance to the government. Because Amendment 782 was passed before Servin's sentence was imposed and was incorporated into his original sentencing calculation, the district court determined that it lacked jurisdiction over Servin's motion. Regarding Servin's contention that he was not properly afforded credit for assisting the government, the district court noted that the government had filed neither a motion pursuant to § 5K1.1 of the Guidelines, nor a timely Rule 35 motion requesting a reduction in sentence due to post-sentencing cooperation. The motion was therefore rejected for lack of jurisdiction. This timely appeal followed.

**II**

"We review de novo the scope of a district court's authority to resentence a defendant in a § 3582(c)(2) proceeding." United States v. Gay, 771 F.3d 681, 685 (10th Cir. 2014). A term of imprisonment may not be modified after it is imposed, barring the application of specific statutory exceptions. § 3582(c); United States v. Williams, 575 F.3d 1075, 1077 (10th Cir. 2009). One of these exceptions permits a

2

sentence reduction if a defendant's sentencing range is later amended by the Sentencing Commission, provided that the amendment is retroactive. Williams, 575 F.3d at 1077.

Servin was sentenced under the 2015 Guidelines, into which Amendment 782 had been incorporated. Because no amendment to the Guidelines lowered Servin's sentencing range, we conclude that the district court correctly determined it lacked jurisdiction to modify his sentence. See United States v. White, 765 F.3d 1240, 1246 (10th Cir. 2014) ("[A] district court is authorized to reduce a sentence under § 3582(c) only if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." (emphasis and quotation omitted)).

We also agree with the district court's conclusion that it lacked jurisdiction to hear a challenge to the government's failure to move for a substantial assistance reduction. A district court may not modify a sentence under Rule 35 absent a motion by the government. Fed. R. Crim. P. 35; United States v. Baker, 769 F.3d 1196, 1197 (10th Cir. 2014). The government did not file a § 5K1.1 motion before Servin's sentencing or a Rule 35 motion within a year of his sentencing. Therefore, the district court correctly concluded it lacked jurisdiction to modify the sentence under Rule 35.[1]

---

[1] Even if we were to construe Servin's motion as a 28 U.S.C. § 2255 habeas motion, it would be untimely. Servin's conviction became final in January of 2016. He had one year to file a § 2255 motion—a deadline he failed to meet. 28 U.S.C. § 2255(f)(1). Further, even construing his pro se pleadings liberally as we must,

## III

The judgment of the district court is **AFFIRMED**. Appellant's motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002), Servin has presented insufficient evidence of cooperation with the government.